**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4219

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HAROLD GENE BARROW, III,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-02-688)

---

Submitted:  September 29, 2004          Decided:  November 2, 2004

---

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  James Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina; William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In 2000, Harold Gene Barrow, III, pled guilty to failure to pay child support obligations, in violation of 18 U.S.C. § 228(a)(3) (2000). The United States District Court for the Western District of North Carolina sentenced him to five years of probation. In June 2002, the United States District Court for the District of South Carolina accepted transfer of jurisdiction. Barrow was before the court for violating the conditions of probation. The court revoked Barrow's probation, and he received a sentence of seven months in prison and one year of supervised release. As conditions of supervised release, Barrow was required to maintain employment and pay restitution in the amount of $24,311.46, at a rate of not less than $400 per month.

While Barrow was serving his term of supervised release, his probation officer filed a petition to revoke Barrow's supervised release. The petition alleged that Barrow had violated the conditions of supervised release by failing to maintain employment and failing to pay restitution as ordered. At his revocation hearing, Barrow admitted the violations and the court sentenced him to eight months in prison.

His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal, but asserting that the district court abused its discretion by revoking supervised

release. Although Barrow was advised of his right to file a pro se brief, he has not filed such a brief. We review a sentence imposed upon the revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). We discern no abuse of discretion and affirm.

Barrow admitted the charged violations; thus, a preponderance of the evidence established that he committed the supervised release violations as alleged. The district court accordingly was statutorily authorized to "revoke . . . supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the [original] offense . . . without credit for time previously served on postrelease supervision." 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004). Because Barrow's conviction for failure to pay child support obligations exposed him to a maximum sentence of two years, see 18 U.S.C. § 228(c)(2) (2000), the offense is a Class E felony. See 18 U.S.C. § 3559(a)(3) (2000). Where the original offense is a Class E felony, the maximum term that can be imposed upon revocation of supervised release is one year. See 18 U.S.C.A. § 3583(e)(3). Accordingly, after revoking Barrow's supervised release, the district court was statutorily authorized to impose an active prison term of up to one year.

The sentencing guidelines suggest that Barrow, whose criminal history category was Category I and whose 18 U.S.C.

- 3 -

§ 228(a)(3) conviction constituted a Grade C supervised release violation, should receive a prison term of three to nine months. See U.S. Sentencing Guidelines Manual § 7B1.1(a)(3), p.s. (2003). However, "Chapter 7's policy statements are . . . non-binding, advisory guides to district courts in supervised release proceedings." Davis, 53 F.3d at 642. Thus, a court is free to exercise its discretion and, upon revocation of supervised release, sentence a defendant to imprisonment of up to the statutory maximum allowable. Id. at 642-43.

Here, the court followed the guidelines and sentenced Barrow not only within the statutory maximum, but also within the suggested guideline range. We find that the district court did not abuse its discretion by revoking supervised release and imposing an eight-month sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
